B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>J. Brian Ferguson, Chapter 7 Trustee of The Estates of Stephen and Amy DeMaura | **DEFENDANTS**<br>JOHN GARDNER; and CAROLYN GARDNER |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>James R. Baxter, Baxter Law Firm, PLLC<br>501-315-2971<br>126 N. Main St., Benton, Arkansas 72015 | **ATTORNEYS** (If Known)<br>Kyle T. Unser<br>5111 W JB Hunt Drive, Suite 300<br>Rogers, Arkansas 72758 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☑ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Preferential Transfers--11 U.S.C. 547 | |

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) -- Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☑ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) -- Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) -- Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) -- Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) -- Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) -- Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) -- Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) -- Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ To Be Determined by Court |
| Other Relief Sought<br>Voidance of transfer | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Stephen and Amy Demaura | BANKRUPTCY CASE NO.<br>5:21-bk-71401 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western | DIVISION OFFICE<br>Fayetteville | NAME OF JUDGE<br>Rucker | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>11/9/21 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>James R. Baxter | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

IN RE: STEPHEN AND AMY DEMAURA
Debtors     Case No. 5:21-bk-71401
Ch. 7

J. BRIAN FERGUSON, CHAPTER 7 TRUSTEE     PLAINTIFF
OF THE ESTATE OF STEPHEN AND AMY DEMAURA

VS.     AP NO.

JOHN AND CAROLYN GARDNER     DEFENDANTS
33 Dunkin Drive Washington Crossing, PA 18977

## COMPLAINT

Comes now the Plaintiff, J. Brian Ferguson, the duly-appointed Chapter 7 Trustee of the estate of Stephen and Amy DeMaura, and for his complaint states:

## PARTIES

1. On September 30, 2021, Debtors filed a voluntary Chapter 7 bankruptcy proceeding in this Court and J. Brian Ferguson was appointed Trustee on that same day. See Case No. 5:21-BK-71401.

2. Defendants, John and Carolyn Gardner, are individuals and residents of the State of Pennsylvania.

3. Defendants, John and Carolyn Gardner, can be served with process by first class mail addressed to their residential address of 33 Dunkin Drive, Washington Crossing, Pennsylvania 18977.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

5. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(E) and (F).

6. This Court has jurisdiction over each of the defendants. *See Warfield v. KR Entertainment* (*In re Federal Fountain*), 165 F.3d 600, 601 (8th Cir. Mo. 1999) (holding that Rule 7004(d) allows national service of process and is a congressional exercise of authority). Therefore, the exercise of jurisdiction by this Court over each Defendant is consistent with the Constitution and laws of the United States. Fed. R. Bankr. P. 7004(f). Even without national service of process, personal jurisdiction would be proper as this matter relates to a certain mortgage and payments resulting from same that was entered into and filed of record in Benton County, Arkansas.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under Title 11, and the Trustee commenced this proceeding in the above-captioned bankruptcy case.

## FACTUAL BACKGROUND

8. Plaintiff reinstates and adopts by reference the statements and the allegations of the above paragraphs as though fully set out herein.

9. Plaintiff, J. Brian Ferguson, is the duly-appointed and acting Chapter 7 trustee of the estate of Stephen and Amy DeMaura.

10. Upon information and belief, John and Carolyn Gardner are the parents of Debtor Amy DeMaura and consequently the father-in-law and mother-in-law of Stephen DeMaura.

11. Thus, the Defendants are "insiders" as that term is defined in 11 U.S.C.A. § 101(31)(A)(i).

12. According to the Debtors' bankruptcy schedules, the Defendants loaned the Debtors $275,000,00 on or about April 18, 2019 to enable the Debtors to purchase real property located at 4601 Bayberry Place, Rogers, AR 72758 ("The Property").

13. The Debtors paid $345,000 for the Property on or about April 18, 2019.

14. The Debtors' bankruptcy schedules further indicate that on their petition date, the balance owed to the Defendants under the original $275,000.00 promissory note was $252,481.00.

15. Upon information and belief, the Debtors took possession of The Property on or about April 19, 2019.

16. Upon information and belief, this reduction in principal is due in part to non-regular payments made within the last year.

17. Importantly, though, the mortgage which the Debtors voluntarily granted the Defendants to secure the $275,000.00 promissory note was not recorded until July 2, 2021. A true and correct copy of the mortgage with the recording information is attached hereto as Exhibit 1.

18. Consequently, there was not a lien on the property in favor of the Defendants until July 2, 2021.

19. Until this mortgage was filed, the Defendants had nothing but an unsecured claim against the Debtors.

3

20. The mortgage recording date is the date that the Debtors transferred their interests in the Property pursuant to the mortgage. 11 U.S.C. § 547(e)(2)(B).

21. Thus, on July 2, 2021, the recording of the voluntarily granted mortgage "converted the [Defendants'] general unsecured claims into secured claims." *See In re Arzt*, 252 B.R. 138, 141 (B.A.P. 8th Cir. 2000).

## COUNT I:
## AVOIDANCE OF TRANSFER DURING THE PREFERENCE PEERIOD

22. Plaintiff restates and adopts by reference the statements and allegations of the above paragraphs as though fully set out herein.

23. The security interest held by the Defendants in The Property is a voidable preference pursuant to 11 U.S.C. § 547(b).

24. 11 U.S.C § 547(e)(2)B provides, in relevant part, that a transfer is made at the time such transfer is perfected, if such transfer is perfected more than 30 days after the granting of any interest in property.

25. Under Arkansas law, a mortgage is perfected when it is recorded. *See Dempsey v. Merchants Nat. Bank of Ft. Smith,* 729 S.W.2d 150, 151 (Ark. 1987) ("A mortgage becomes a lien at the time it is recorded and not before").

26. The recording of the mortgage was for the benefit of a creditor; it was made on account of an antecedent debt owed by the Debtors for more than 30 days before the mortgage was recorded; it was made within the 90 days before the petition date; and the recording of the mortgage enabled the Defendants to have a secured claim and receive more than they would have received had this transfer not occurred.

4

27. Further, all payments received on the note in the last year are avoidable pursuant to 11 U.S.C. § 547(b).

28. Pursuant to 11 U.S.C. § 550(a), the Court may award the Trustee on behalf of the estate the property transferred. Consequently, the Court should order the Defendants to transfer to him the note and mortgage or alternatively award him judgment against the Defendants jointly and severally for the value of the note as of the petition date as well as all payments made within a year of the petition date. Alternatively, the Court should merely void the mortgage and find that the equity created in the Real Property resulting therefrom is property of the Estate.

29. Pursuant to 11 U.S.C. § 551 property recovered by the Trustee pursuant to 11 U.S.C. § 547 shall be preserved for the benefit of the estate but only with respect to property of the estate.

30. The Court should also void all payments made under the note in the last year as preferential transfers and award Plaintiff a judgment against the Defendants for the value of same, an amount that shall be determined by the Court.

WHEREFORE, Plaintiff respectfully requests that this Court, pursuant to 11 U.S.C. §§ 547, 550 and 551 declare that the mortgage is a preferential transfer, award the note and mortgage to the estate, or alternatively void the mortgage and award the equity created thereby to the Estate, and for all other just and proper relief to which he may be so entitled. Further, Plaintiff should be granted judgment against the Defendants jointly and severally for the value of all payments made in the last

year to the Defendants pursuant to the note and mortgage, along with all other just and proper relief.

Respectfully submitted,

/s/ James R. Baxter
James R. Baxter (Bar 2017191)
***THE BAXTER LAW FIRM***
126 N. Main St.
Benton, AR 72015
501-315-2971 – Phone
501-712-2856 – Fax
jrybaxter@gmail.com
*Counsel for Trustee, J. Brian Ferguson*